AO 106 (Rev. 04/10) Application for a Search Warrant

FILED
U.S. District Court
District of Kansas

APR 9 2019

Clerk, U.S. District Court
By_____ Deputy Clerk

# UNITED STATES DISTRICT COURT
for the
District of Kansas

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Cellular Telephone assigned call number 316-680-7883 (IMSI 311480428635736) believed to be in the possession of Saoly Souvannakily.

)
)
)  Case No. 19-6067-GEB
)
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ District of ___Kansas___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 | Drug Trafficking |
| 21 U.S.C. § 843 | Use of a communication facility to facilitate a drug trafficking crime. |
| See Affidavit for additional. | |

The application is based on these facts:

See attached, Affidavit.

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Michael Silveira, SA DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __9 Apr 19__

*Judge's signature*

City and state: Wichita, KS

Gwynne E. Birzer, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Michael Silveira, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I, Michael S. Silveira, am a Special Agent of the Drug Enforcement Administration ("DEA"), United States Department of Justice. I have conducted investigations into the trafficking of illicit drugs set forth in the following statement of probable cause, and being duly sworn, declare and state:

2. I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18 of the United States Code, Section 2510(7), and I am empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18 of the United States Code, Section 2516.

3. I am currently assigned to the DEA's Wichita, Kansas Resident Office. I am a Special Agent with the United States Drug Enforcement Administration (DEA), and have been so employed for approximately seven (7) years. I received five (5) months of initial training in narcotics trafficking investigations and related legal matters at the DEA Training Academy in Quantico, Virginia in 2012. After graduating from the DEA academy, I was assigned to the DEA's Caribbean Field Division, Puerto Rico for four (4) years. I am currently assigned to the DEA Wichita Resident Office (WRO). Prior to my current employment with DEA, I was a patrol officer with the West Warwick Police Department, West Warwick, Rhode Island for approximately (6) six years and am also a Special Agent with the United States Army (Reserve), Criminal Investigation Command (CID)/ Protective

1

Services Battalion (PSB) since 2010.

4. This affidavit is in support of an application for a search warrant authorizing the monitoring of a mobile tracking device in a cellular telephone, including any global position system ("GPS") mobile tracking device features of the cellular telephone assigned call number **316-680-7883** (the "**Target Telephone**"), a cellular telephone with service provided by Verizon Wireless. The subscriber of telephone number **316-680-7883** is listed as "Please forward to reseller: TracFone Wireless, Inc." with no list address but believed to be used by **Saoly SOUVANNAKILY**.

5. This affidavit is based on my own personal knowledge as well as information provided to me by other law enforcement agencies and officers. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant, and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

6. During the month of January 2018, agents from the DEA Wichita Resident Office received information from a DEA Confidential Source (CS). The CS provided agents with information related to a **Felipe CASTRO,** a distributor of cocaine in Wichita, Kansas. The CS has provided agents with accurate and corroborated information regarding the drug trafficking activities of **CASTRO**. As a result of receiving this information DEA agents opened an investigation into **CASTRO.** From January 30, 2018 through February 1, 2019, utilizing the CS, agents have conducted seven (7) separate controlled buys of cocaine from **CASTRO**.

7. Since the beginning of this investigation, agents have worked to identify **CASTRO's** source of supply. A review of toll records for a telephone known to be

2

utilized by **CASTRO** revealed numerous contacts between **CASTRO's** telephone and telephone numbers of persons believed to be involved in drug trafficking. Specifically, phone records connecting **CASTRO's** phone with telephones currently believed to be used by **SOUVANNAKILY** and his girlfriend, **Vanessa R. GARCIA**.

8. As agents compiled information on numbers in contact with **CASTRO** they observed one number, **316-633-5540**, that consistently appeared at the top of **CASTRO's** frequently called numbers. Agents searched the **316-633- 5540** number on-line and located a classified advertisement on Craigslist posted August 8, 2018. The Craigslist ad listed the name of "**Vanessa Garcia**" as the name on the contact information associated with that phone number. Agents were able to locate an address for **GARCIA** which was 1445 N. Gow Street, Wichita, Kansas. They also learned **GARCIA** was in a relationship with a male subject identified as **Saoly SOUVANNAKILY**.

9. Through further investigation of telephone number **316-633-5540** agents learned that this number was associated with an investigation being conducted by the United States Air Force, Office of Special Investigations (OSI) in Wichita, for which the DEA was providing assistance. As a result of a cooperative effort, agents learned that the source of supply for cocaine in the OSI investigation, Bonny CHHOEUN, was in direct contact with **316-633-5540** on 40 different occasions according to toll analysis. The **5540** number, agents believed was being used by **SOUVANNAKILY**.

10. During November 2018, agents were made aware of a Sedgwick County Sheriff's Office (SO) investigation involving a subject identified as Jose A. TRETO. Jose A.

3

TRETO was identified by agents with the WRO through phone toll analysis showing contacts between TRETO's telephone (316-303-7899) and the **5540** number believed to be used by **SOUVANNAKILY**. Through the SO's investigation, TRETO was identified as a cocaine distributor in the Wichita area.

11. While conducting surveillance on TRETO on November 13, 2018, Sheriff's deputies observed TRETO contact another vehicle in a Wichita parking lot. Sheriff's deputies witnessed what they believed was a drug transaction. The decision was made by deputies to stop a white Chevy pickup after the officers observed TRETO making contact with the driver of the truck who was later identified to be **Saoly SOUVANNAKILY** and **Vanessa GARCIA**. The Chevy pickup is a vehicle known by agents to be used by **SOUVANNAKILY** and registered to **GARCIA**. During the stop, **GARCIA** was in possession of a 9mm semi-automatic handgun. Sheriff's deputies also located $8,166 in United States Currency and a user amount of marijuana which was seized along with the money and the handgun. Both **SOUVANNAKILY** and **GARCIA** were arrested and charged with possession of marijuana and possession of drug paraphernalia and booked into the Sedgwick County Jail.

12. During the period of August 24, 2018 to December 14, 2018, **CASTRO's** phone had approximately 1,520 contacts with telephone number **316-633-5540**, the phone previously used by **SOUVANNAKILY** and/or his girlfriend **Vanessa GARCIA**. 1,501 of those contacts, or 99% of the communications, appear to be text messages. The last known contact between **CASTRO's** telephone number and **316-633-5540** was on December 14, 2018, approximately one month after **SOUVANNAKILY** and

4

GARCIA's arrest, and the last known SMS text contact was on the same day.

13. Further analysis of **CASTRO's** phone number revealed a new number, **316-293-0638** as a frequently called number of **CASTRO**. On December 14, 2018, analysis showed that **CASTRO** texted with **0638** that day. Subscriber information provided by Verizon Wireless for **0638** showed the number belonging to a "Tony Dow" at 120 E. Olsen, Wichita, KS. The name and address were not valid according to local database checks and they are believed to be used to conceal the identity of the actual user.

14. Upon review of toll data for **0638**, analysis showed that the majority of contacts were the same numbers frequently communicated with on the **316-633-5540** phone number, including **316-249-4289** which belongs to **Vanessa GARCIA** (**SOUVANNAKILY's** girlfriend). Therefore, through analysis, agents believe **SOUVANNAKILY's** new number has been identified as **316-293-0638** because common call analysis between **5540** (81 total contacts) and **0638** (83 total contacts) shows that there are 33 common call contacts between the phones. There have been 811 contacts between **0638** and common contacts from the **5540** number since December 30, 2018. Through this analysis agents believe that the **0638** number has replaced the **5540** number.

15. In conducting further analysis of **SOUVANNAKILY's** phone, analysis shows that **CASTRO's** phone had been in contact with **0638** on 930 occasions from December 14, 2018 through February 11, 2019, and that 891 of those communications (95.8%) were via SMS while 39 (4.2%) were voice calls.

5

16. **Saoly SOUVANNAKILY** is believed to be the source of supply for **CASTRO**. **SOUVANNAKILY** was previously arrested on a prior DEA Title III investigation (Case IL-09-0039). In that case he was convicted and sentenced in November of 2010 to 46 months in federal prison. **SOUVANNAKILY** has also been connected through phone toll analysis to individuals identified as local cocaine distributors connected to other DEA investigations in the Wichita area. Toll analysis has showed that previously used numbers, and currently **Target Telephone** have been in contact with numbers belonging to criminal associates of **SOUVANNAKILY**.

17. On or about February 22, 2019, **CASTRO** ceased the use of his phone ending in **0638**. On March 5, 2019, the CS obtained a new phone number for **CASTRO** which was provided to agents. In an effort to confirm **SOUVANNAKILY's** use of the phone ending in **0638, y**our Affiant obtained Federal Search warrants from U.S. Magistrate Judge Kenneth G. Gale on March 6 ,2019, to employ a cell site simulator (CSS) to determine and confirm the phone numbers being used by both **CASTRO** and **SOUVANNAKILY**.

18. On March 6 and 7, 2019, agents executed the aforementioned search warrants. In executing the search warrant on **SOUVANNAKILY**, agents obtained an International Mobile Subscriber Identity (IMSI) of 311480421803753 along with 311480428635736. IMSI 311480421803753 was associated with the **0638** phone agents believed was being utilized by **SOUVANNAKILY.** However, on March 7, 2019, agents believe **SOUVANNAKILY** stopped using this phone.

19. The IMSI showing 311480428635736 was identified through the use of an administrative subpoena to be **316-680-7883** which through later phone analysis

6

was identified by agents and analysts as being **Target Telephone,** the phone agents believe **SOUVANNAKILY** is currently using.

20. Upon receiving toll data for **Target Telephone**, a common call analysis was conducted and a common call list with **SOUVANNAKILY's** predecessor phone (**0638**) was created. The review of common calls list revealed that **316-680-7883 Target Telephone** was in contact with approximately 42% of the same contacts as **0638**. Additionally, of the top 20 contacts, **Target Telephone** and **0638** shared 50% of the same contacts. Of the 291 total contact numbers used by all of **SOUVANNAKILY's** phone numbers (316-706-2043, 316-633-5540, 316-293-0638 and 316-680-7883), 80 (28%) common contacts remain consistent. Amongst the common contacts were **GARCIA**, family members and suspected criminal associates of **SOUVANNAKILY.**

21. Additionally, the last contact between **CASTRO's** predecessor phone and **0638** was on February 22, 2019. Communications between **CASTRO's** new phone and **Target Telephone** was re-initiated on the morning of February 22, 2019. As of February 22, 2019 to March 25, 2019, **CASTRO's** new phone and **Target Telephone** have been in contact 291 times with 289 (99.3%) of the communications being text messages and 2 (.7%) being voice calls.

22. Your affiant has probable cause to believe that information provided to agents by the CS, telephone analysis, along with information obtained from other law enforcement agencies is reliable, as is the direct observations by agents. Information obtained from the CS has been verified through investigative means. Your Affiant believes based upon the aforementioned information that

7

SOUVANNAKILY is currently using **Target Telephone** in the furtherance of drug trafficking crimes and is requesting the courts issuance of a search warrant to locate the **Target Telephone** to further confirm its use by **SOUVANNAKILY**.

23. I am aware a cellular service provider may employ various means to determine the physical locations of a cellular telephone, including but not limited to: (1) cell site/sector location; (2) information regarding strength, angle and timing of the caller's signal measure at two or more cell sites (triangulation); or (3) location information from any factory–installed GPS device present in the cellular telephone. I am further aware the service provider may have to initiate a signal to determine the location of the **Target Telephone**.

24. Law enforcement personnel have determined the **Target Telephone** is an active cellular telephone device, issued by Verizon Wireless, which is subject to Verizon Wireless control and record keeping system.

25. It is my belief the requested warrant will provide location information related to **SOUVANNAKILY** while also further confirming evidence that **SOUVANNAKILY** is the user of **Target Telephone**. In my experience, the general geography location of the Target Telephone, gathered from cell site/sector location, GPS location, or other means, can yield evidence which is relevant and material to this investigation.

26. The facts set forth in this affidavit are true and correct to the best of my knowledge and belief.

_____
Michael Silveira
DEA Special Agent

Sworn to and subscribed before me on this ____9th____ day of April 2019.

8

_____
Gwynne E. Birzer
United States Magistrate Judge

9

## ATTACHMENT A

### Property to Be Searched

1. The following target cellular telephone:

   a. A cellular telephone with number **316-680-7883** (TARGET TELEPHONE); issued by Verizon; subscribed to "Please forward to reseller: TracFone Wireless, Inc." being used by **Saoly SOUVANNAKILY.**

2. Information about the location of the target cellular telephone that are within the possession, custody, or control of Verizon: including information about the location of the cellular telephone if they are subsequently assigned a different call number.

## **ATTACHMENT B**

### **Particular Things to be Seized**

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Verizon, the phone carrier is required to disclose the Location Information to the government. In addition, Verizon must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Verizon services, including by initiating a signal to determine the location of the Target Cell Phone on Verizon network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Verizon for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).